IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-03300-M-RJ

| | | |
|---|---|---|
| DOUGLAS ROY SYMMES, JR., Plaintiff, | ) | |
| v. | ) | ORDER |
| JOSH STEIN, et al., Defendants. | ) | |

On December 1, 2026, Douglas Roy Symmes, Jr. ("plaintiff"), a state inmate proceeding without prepayment of fees, filed *pro se* a complaint under 42 U.S.C. § 1983. [D.E. 1, 2, 8].

Pursuant to 28 U.S.C. § 1915A, the court now conducts its initial review of the complaint and, for the reasons discussed below, dismisses the action for failure to state a claim.

Legal Standard:

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation

omitted). A *pro se* plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Plaintiff's Complaint:

Plaintiff lists as defendants: North Carolina Governor Josh Stein; the North Carolina Department of Adult Correction ("DAC"); DAC Secretary Leslie Cooley-Dismukes; Custody Staff Crystal L. Atkinson; the John-Jane Doe Director/Commissioner of DAC Prisons; Disciplinary Coordinator David Tyndall; and Inmate Grievance Resolution Board ("IGRB") members Ina Hinton, Genia L. Stanley, Patricia A. Alstons, Amy S. Jacobs, Faustina F. Brown, and Wakenda Greene (collectively, "defendants"). See Compl. [D.E. 1] at 1–4.

As to the "place(s) of occurrence," plaintiff writes: "grievance response, correspondence between the different entities, grievances ignored, unlawful allows of unlawful conduct [sic]." Id. at 5.

As to "date(s) of occurrence," plaintiff writes, "many dates," and cites his grievances. Id.

As to which federal constitutional or statutory rights were violated, plaintiff writes: First Amendment "for preventing & retaliation for freedom of speech," and Eighth Amendment "cruel and unusual punishment by the ignorance, gaslighting of & the coverup of unlawful conduct." Id.

Plaintiff alleges, *inter alia*, that: he sent five grievances and letters directly to Cooley-Dismukes, she stamped each and sent them back to him but did nothing more; the IGRB defendants "have not adhered to the words or standards stated" in an interview IGRB Executive Director Kimberly Grande gave to a reporter with N.C. Prison News Today; "All 12 defendants have either ignored, turned a blind eye & allowed unlawful conduct & harm [to] continue unchecked, allowed perjury & theft to go unpunished or corrected [sic]"; "Some have attempted to coverup – help coverup the unlawful conduct, harm, perjury etc. & sweep it under the rug with their ignorance &/or with their cognitive dissonance & gaslighted &/or with their own falsehood, misleading responses which have only further violated [DAC] policies, laws & constitutional protections [sic]"; he sent letters to the IGRB attorneys regarding IGRB members' responses to his grievances, but he "only received cognitive dissonance, gaslighted response & ignoring the unlawful conduct [sic]"; he sent a letter to Governor Stein to "pass along" a grievance and pages of evidence to the IGRB members, but he received a response that the Governor's office was unable to give him legal advice; he sent a letter to the John-Jane Doe Director/Commissioner of DAC Prisons requesting "that they get the evidence documents" he had sent to Governor Stein; he got "cognitive dissonance gaslit responses [sic]" from David Tyndall concerning the letter to Governor Stein telling plaintiff to submit a grievance through the DAC administrative remedy process; "further unlawful conduct has gone on here at Eastern C.I. [sic]"; IGRB member Stanley "has continued to respond with gaslighted & misleading wording & coverup attempts in her most recent Step 3 response concerning a different issue [sic]"; his "complaints, letters, & grievances, are still being ignored &

swept under the rug"; "therein the retaliation, threats, suffering, harm & unlawful conduct & violations continue [sic]"; as to IGRB member Hinton, "C.G/ Gas. letters & direct false Step 2 response [sic]," citing a grievance; as to IGRB member Stanley, "C.G/ Gas. / misleading responses [sic]," citing two grievances; and as to IGRB member Alstons, citing two grievances "when in she falsely adding &/or misquoting & quoted response or [DAC] policy [sic]." See id. at 5–7. As to IGRB members Jacobs, Brown, and Green, plaintiff cites grievances without elaboration. Id. at 7.

For relief, plaintiff requests:

> That the [DAC] officials in Raleigh strengthen policy concerning these issues. That the governor's office and [DAC] officials strongly enforce the [DAC] policies, laws, and constitutional rights & protections & procedures already on the books & those of their people who violated policy, gave cognitive dissonance & gaslight &/or false, misleading &/or attempted to cover up the unlawful acts be strongly punished as inmates would be! That EACH defendant have to pay $30,000 per capacity AS the courts have stated, "to deter others from similar behavior [sic]."

Id. at 8.

## Discussion:

First, the DAC is not a person amenable to suit under § 1983. See Iqbal, 556 U.S. at 676; West, 487 U.S. at 48; Monell, 436 U.S. at 691–92.

Next, plaintiff fails to plausibly allege that defendants violated his Eighth Amendment rights. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level").

Plaintiff's bald First Amendment retaliation claims also are mere "labels and conclusions" insufficient to survive initial review. Twombly, 550 U.S. at 555; see Iqbal, 556 U.S. at 678; Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017), cert. denied, 138 S. Ct. 738 (2018); Booker v. S.C. Dep't of Corr., 855 F.3d 533, 540, 544 (4th Cir. 2017); Adams, 40 F.3d at 74–75.

Next, plaintiff fails to plausibly allege the personal involvement of Governor Stein, David Tyndall, Crystal L. Atkinson, or the John-Jane Doe Director/Commissioner of DAC Prisons in any violation of his constitutional rights. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555; Monell, 436 U.S. at 691–92; Wright, 766 F.2d at 850.

To the extent plaintiff instead seeks to hold defendants responsible for the actions of others, the doctrine of *respondeat superior* does not apply, see Iqbal, 556 U.S. at 677, and his bald, threadbare allegations fail to state a viable supervisory liability claim under the governing standard, Twombly, 550 U.S. at 555; see Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).

Next, although plaintiff's claims are premised upon various defendants' participation in the DAC administrative remedy process, prisoners do not have any constitutional right or due process interest in a grievance procedure. See Booker, 855 F.3d at 541 ("*Adams* establishes a clear rule: inmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process, for example."); Adams, 40 F.3d at 75 ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); see also Oliver v. Gray, No. CIV A 7:09-CV-00004, 2009 WL 366150, at *2 (W.D. Va. Feb. 12, 2009) ("Because a state grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."), aff'd, 360 F. App'x 417 (4th Cir. 2010) (per curiam) (unpublished).

Moreover, the various defendants' purported violations of DAC policies and procedures, without more, do not rise to the level of constitutional deprivation. See Riccio v. Cty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) ("Alleged violations of due process in the deprivation of a protectable interest are to be measured against a federal standard of what process is due and that

standard is not defined by state-created procedures, even when those state-created procedures exceed the amount of process otherwise guaranteed by the Constitution."); accord Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (per curiam) (unpublished); Joyner v. Patterson, No. CA 0:13-2675-DCN-PJG, 2014 WL 897121, at *4 (D.S.C. Mar. 6, 2014), report and recommendation adopted, No. 0:13-CV-2675-DCN, 2014 WL 3909531 (D.S.C. Aug. 11, 2014), aff'd, 597 F. App'x 748 (4th Cir. 2015) (per curiam) (unpublished).

Finally, because this complaint cannot be cured by amendment, dismissal is appropriate. Cf. Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 628 (4th Cir. 2015).

Conclusion:

For the above reasons, the court DISMISSES the complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1). The clerk shall close the case.

SO ORDERED this 27th day of July, 2026

Richard E Myers II
RICHARD E. MYERS II
Chief United States District Judge